UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN HARVEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.   1:19-CV-4024 |
| | ) |
| IKEA US RETAIL LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kevin Harvey ("Harvey"), by counsel, brings this action against Defendant, IKEA US Retail LLC ("Defendant"), and shows as follows:

## OVERVIEW

1. This is an employment action (disability) brought by Harvey against Defendant alleging that he was discriminated against because of one or more of his disabilities and that he was retaliated against for engaging in protected activity in violation of the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq.

## PARTIES

2. At all relevant times Harvey lived in the Southern District of Indiana.

3. Defendant is a corporation that conducts business and maintains offices in Southern District of Indiana.

4. Harvey, at all times relevant, was an 'employee' as defined by 42 U.S.C.§12111(4).  Moreover, Harvey is disabled as that term is defined by the ADA.

5. Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331 and 42 U.S.C. §12117(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located herein.

8. Harvey properly exhausted his administrative remedies when he timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discriminated based on disability.  A notice of suit rights was issued, and Harvey now brings this Complaint within ninety (90) days of receipt thereof.

## FACTUAL ALLEGATIONS

9. Harvey began his employment with Defendant in or about September 27, 2017.

10. Harvey suffers from one or more conditions that qualify him as disabled under the ADA.  These conditions are permanent and substantially limit him in various major life activities.

11. Harvey was offered, and accepted, a position he could perform if he was afforded reasonable accommodations.  Moreover, Defendant provided work schedule accommodations to other, non-disabled employees but not Harvey.

12. Harvey was subjected to a hostile work environment by his supervisor.  Harvey complained on multiple times to the store manager, and the manager would intervene on his behalf.

13. Nevertheless, and despite Defendant's third-party administrator indicating that it determined there were accommodations Defendant could provide Harvey, Harvey was told that Defendant would no longer provide him any accommodation.

14. Defendant also told CP that it would not consider moving him in to an open position that it was actively seeking to fill.

15. Defendant contends Harvey's employment ended when he resigned. Harvey did not quit.

16. Harvey has been harmed by Defendant's conduct.

## LEGAL ALLEGATIONS

## VIOLATIONS OF THE ADA

17. Harvey incorporates by reference paragraphs one (1) through fourteen (16).

18. Defendant failed to provide Harvey reasonable accommodations so that he could perform his job. Harvey complained about both being harassed and the company's failure to accommodate him. Ultimately, Harvey was fired because he was disabled.

19. Defendant discriminated against Harvey by terminating him and treating him differently in the terms, conditions, and privileges of his employment than non-disabled employees.

20. Harvey has been harmed by Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kevin Harvey, respectfully demands judgment against Defendant in his favor and requests that the Court grant the following relief:

a) An Order awarding Harvey the wages he lost and the value of the benefits he lost as a result of his unlawful termination;

b) An Order awarding Harvey compensatory and punitive damages for an intentional violation of his rights as provided for by the ADA;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street Suite 500
Indianapolis, Indiana 46240
Telephone:   (317) 500-0700
Facsimile:   (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street Suite 500
Indianapolis, Indiana 46240
Telephone:   (317) 500-0700
Facsimile:   (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff